USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 0 6 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X

UNITED STATES OF AMERICA                 :        INFORMATION

        - v. -                           :        17 Cr.

JEREMY GRIFFIN,                          :        17 CRIM 152

                Defendant.               :

------------------------------------ X

## COUNT ONE
(Possession of Child Pornography)

The United States Attorney charges:

1.  In or around March 2016, in the Southern District of New York and elsewhere, JEREMY GRIFFIN, the defendant, knowingly did possess and access with intent to view, and attempt to possess and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, GRIFFIN possessed images of child pornography, including images of prepubescent

JUDGE CASTEL

minors and minors who had not attained 12 years of age, in his residence in Manhattan, New York.

(Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2) and 2.)

## FORFEITURE ALLEGATION

2. As the result of committing the offense alleged in Count One of this Information, JEREMY GRIFFIN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense, and any and all property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

      (Title 18, United States Code, Section 2253;
Title 21, United States Code, Section 853(p); and
Title 28, United States Code, Section 2461.)

*[signature]*

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**JEREMY GRIFFIN,**

Defendant.

---

**INFORMATION**

17 Cr. _____

(18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), and 2.)

---

PREET BHARARA
United States Attorney.

---